IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSHUA DAVID HOLLON**                                                              **PLAINTIFF**

v.                                                              Civil No. 1:24-cv-207-HSO-BWR

**BURL CAIN, et al.**                                                              **DEFENDANTS**

## ORDER OVERRULING OBJECTION [51], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMEDNATION [50], GRANTING DEFENDANTS' MOTIONS [37] [40] FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT [1] WITHOUT PREJUDICE

In this prisoner litigation action arising under 42 U.S.C. § 1983, Plaintiff Joshua David Collon alleges that Defendants Burl Cain, Brand Huffman, Joesph Canale, John Hostetter, and Melonie Clark (the "MDOC Defendants"), along with Defendant Gwendolyn Woodland, violated his civil rights. *See* Compl. [1]. The MDOC Defendants and Defendant Woodland seek summary judgment on grounds that Plaintiff failed to exhaust his administrative remedies. *See* Mot. [37]; Mot. [40].

On December 18, 2025, United States Magistrate Judge Bradley Rath recommended that the Court grant both Motions [37] [40] for Summary Judgment, and dismiss Plaintiffs claims without prejudice for failure to exhaust. *See* R. & R. [50] at 1-2. Plaintiff filed an Objection [51] to the Report and Recommendation [50]. He claims that the Magistrate Judge is biased, *see* Obj. [51], but raises no other objections to the substance of the Recommendation, *see id*. The Court construes that part of Plaintiff's Objection [51] as a request for recusal of the Magistrate

Judge, which should be denied. The remainder of Plaintiff's Objection [51] should be overruled, the Report and Recommendation [50] granting Defendants' Motions [37] [40] should be adopted, and Plaintiff's claims should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff Joshua David Collon ("Plaintiff" or "Collon"), is incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Compl. [1] at 1. He broadly alleges six categories of claims. *See id.* at 5 (listing six categories). First, Plaintiff claims that staff at SMCI do not follow Mississippi Department of Corrections ("MDOC") policy and protocols, endangering the physical safety of inmates. *See id.* He alleges, for example, that officers do not supervise inmates during "feeding times" and do not perform the required number of security checks. *See id.*; *see also* Compl. [1-1] at 2; Mot. [3] at 4; Mot. [8] at 3. Second, Plaintiff claims that gang members control the day-to-day operations at SMCI, and that non-gang-affiliated inmates must get permission to eat, shower, or use the restroom. *See* Compl. [1] at 5; *see also* Compl. [1-1] at 4; Mot. [8] at 3. Third, Plaintiff contends that he was denied medical care in that Defendant Woodland failed to treat the "hernia in his groin," *see* Compl. [1] at 5, and at an Omnibus Hearing, he testified that he needed four teeth pulled, *see* R. & R. [50] at 2.

Fourth, Plaintiff says that guards at SMCI "bring in drugs, phones, knives[,] and jewelry" for gang members. Compl. [1] at 5. Fifth, he complains about the conditions in SMCI, claiming that there is "black mold, bugs and insects coming

through the walls," and leaking ceilings and toilets. Mot. [8] at 3; *see also* Compl. [1] at 5. Sixth, Plaintiff claims that SMCI refused to provide legal assistance for him when it allegedly denied his request to include a copy of a Department of Justice report about jail conditions in his Complaint. *See* Compl. [1] at 5.

Plaintiff filed suit under 42 U.S.C. § 1983, seeking $250,000 in damages, surgery to repair his hernia, an order amending his sentence to run concurrently (as opposed to consecutively), an order directing MDOC to pay court costs, an order establishing a parole date, and an order prohibiting MDOC from retaliating against him for filing suit. *See* Compl. [1] at 4. Prior to the Omnibus Hearing held in this case, MDOC Defendants and Defendant Woodland filed Motions [37] [40] for Summary Judgment, arguing that Plaintiff failed to exhaust his administrative remedies. *See* Motion [37]; Mem. [39] at 1; Mot. [40]; Mem. [41] at 1.

The Magistrate Judge entered a Report and Recommendation [50] on December 18, 2025, recommending that the Court grant both Motions [37] [40] and dismiss Plaintiff's claims without prejudice because Plaintiff failed to exhaust his administrative remedies. *See* R. & R. [50] at 1-2, 7, 12. Plaintiff objects to the Report and Recommendation [50], claiming that the Magistrate Judge is biased due to Plaintiff's "criminal case." *See* Obj. [51] at 1. The remainder of Plaintiff's Objection [51] does not articulate any specific disagreements with the Report and Recommendation [50]. *See id.* Instead, he expresses his frustration with MDOC policy, *see id.* at 1, his belief that the system is corrupt, *see id.* at 2, and his intentions to file suit again: "I'll be back the correct way," *id.*

3

II.  DISCUSSION

A.  Allegations of Bias

Allegations of bias are not proper objections to a report and recommendation. *See ThroughPuter, Inc. v. Amazon Web Servs., Inc.*, No. 1:22-CV-01095, 2024 WL 3738872, at *1 (W.D. Tex. Aug. 8, 2024) ("Plaintiff's baseless request for recusal is not an objection to the Report and Recommendation.").  But because courts must liberally construe pleadings filed by pro se litigants, the Court will construe Plaintiff's augment as a motion to recuse.  *See United States v. Feliz*, 537 F. App'x 406, 407 (5th Cir. 2013) (noting the liberal pleading standard).  To the extent Plaintiff's Objection [51] seeks recusal of the Magistrate Judge, this request should be denied.

"Two federal statutes govern recusal of district court judges for bias: 28 U.S.C. §§ 144 and 455."  *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (per curiam) (citing *United States v. Scroggins*, 485 F.3d 824, 829 & n.19 (5th Cir. 2017)).  Section 144 "requires recusal when a judge 'has a personal bias or prejudice' against or in favor of a party."  *Id.*  The party asserting bias under that statute must file a "timely and sufficient affidavit," stating the alleged grounds for bias.  28 U.S.C. § 144.  To be legally sufficient, an affidavit must "(1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) state facts that show the bias is personal, as opposed to judicial in nature."  *Brocato*, 4 F.4th at 301 (citation omitted).

4

"Section 455(a) sweeps broader than § 144: 'Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Id.* (quoting 28 U.S.C. § 455(a)). This statute focuses on the appearance—not the reality—of bias or prejudice. *See id.*; *see also Liteky v. United States*, 510 U.S. 540, 548 (1994). This standard is an objective one, *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995), and relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

Under either standard, "the alleged bias must be personal, as distinguished from judicial in nature," *Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981), and be based on an "extrajudicial source," *Brocato*, 4 F.4th at 301. Judicial rulings alone are almost never a valid basis for recusal. *See Liteky*, 510 U.S. at 555.

Plaintiff has not filed an affidavit detailing material facts to support a finding of bias. Nor would his conclusory allegations lead an objective observer to conclude that the Magistrate Judge was biased. Plaintiff alleges that

> the Honorable Judge Rath Had his decision from day one. Hollon at the begining ask Judge Rath to be recussed do to conflict of Hollons criminal appeals. As Hollon feels Judge Rath was bias from the beginng do to the criminal case side of Hollons case.

Obj. [51] at 1 (all errors in original). He continues,

> As stated Judge Rath already has Hollon viewed in other ways being in his criminal case. In the courts eyes Hollon is a monster throw the key and who cares about his health and well being. A criminal case like

5

>  Hollons can not be viewed and then address his medical without being bias towards him and be Honorable towards him.

*Id.* at 2 (all errors in original).

As best the Court can tell, the underlying "criminal appeal" or "criminal case" Plaintiff is referring to is *Hollon v. Cain*, 1:24-CV-00148-TBM (S.D. Miss.), in which United State District Judge Taylor McNeel adopted a Report and Recommendation from Magistrate Judge Rath denying Plaintiff's habeas petition for failure to exhaust administrative remedies. *See Hollon v. Cain*, 1:24-CV-00148-TBM, Nos. [18] [21] [22] (S.D. Miss. June 18, 2025). Judicial rulings alone are almost never a valid basis for recusal, *see Liteky*, 510 U.S. at 555, and there is "no evidence beyond [Plaintiff's] pure speculation that the magistrate judge was prejudiced by his involvement in prior proceedings with [Plaintiff]," *Crawford v. U.S. Dept. of Homeland Sec.*, 245 F. App'x 369, 383 (5th Cir. 2007) (finding no bias or prejudice). Plaintiff's allegations of bias and prejudice appear to be based solely on the Magistrate Judge's prior rulings, are devoid of supporting facts, and are wholly speculative. On this record, "no reasonable person would harbor doubts about the magistrate judge's impartiality." *Crawford*, 245 F. App'x at 383. Any request for recusal of Magistrate Judge Rath should be denied.

2.   <u>Review of the Report and Recommendation [50]</u>

Because Plaintiff has filed an Objection [51], "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). But a party must specifically identify the findings to which they object, and the

basis for those objections. *See Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987) (stating that if an objection lacks the requisite specificity, then de novo review is not required). A district court "need not consider frivolous, conclusive, or general objections," *Gooding v. Colvin*, No. 1:15-cv-20-LG, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing *Battle*, 834 F.2d at 421), and findings not specifically objected to will only be reviewed for plain error, *see Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

Plaintiff's Objection [51] does not specifically object to any of the findings or conclusions in the Magistrate Judge's Report and Recommendation [50]. Instead, it reiterates generalized grievances about MDOC procedures and the exhaustion requirement, Obj. [51] at 1, baselessly alleges that the Magistrate Judge was biased, *see id.* at 1, 2, and laments the "corruption, bias, and lack of care for humankind" in Mississippi, *id.* at 2. As such, the Court reviews the Report and Recommendation [50] for plain error. *See Douglass*, 79 F.3d at 1428. Having conducted the required review, the Court concludes that the Report and Recommendation [50] survives and should be adopted. The Court will adopt the Magistrate Judge's Report and Recommendation [50] as the opinion of the Court, will overrule Plaintiff's Objection [51], grant the MDOC Defendants and Defendant Woodland's Motions [37] [40] for Summary Judgment, and dismiss Plaintiff's claims without prejudice for failure to exhaust administrative remedies.

## III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [51] is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [50] entered in this case on December 18, 2025, is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Burl Cain, Brand Huffman, Joesph Canale, John Hostetter, and Melonie Clark's Motion [37] for Summary Judgment is **GRANTED**, and Defendant Gwendolyn Woodland's Motion [40] for Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Joshua David Hollon's claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE